UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SATISH DAT BEAST (Former Client of "Larry Birkhead Attorney" Nancy Hass of Hallandale Beach, Florida as Family Law Attorney) and RONALD SATISH EMRIT (Former Client of Paul Gardner, Esquire of Gardner Law Group of Baltimore, Maryland as Entertainment Attorney for Outkast, Mya, Mos Def, Tommy Davidson, and Salahis), and GO GO SATISH (Former Client of Thomas Hart, Esquire of On The Potomac of Washington, DC and Holland & Knight, LLP and Entertainment Attorney for Gloria Estefan and James Todd Smith also Known as LL Cool J),

     Plaintiffs,

     v.

SNOOP DOGGY DOGG (Marijuana Smoker named Calvin Broadus), SNOOP DOGGY DOG BOWL IN ARIZONA, THE RACIST STATE OF ARIZONA (The Only State Which Did not Approve of the Holiday for the Reverend Dr. Martin Luther King, Junior), NBC, COMCAST, NBC UNIVERSAL, VIVENDI UNIVERSAL, PEACOCK, UNITED STATES OLYMPIC COMMITTEE (USOC), MIKE TIRICO, CRIS COLLINSWORTH, SUNDAY NIGHT FOOTBALL, ROGER GOODELL, NATIONAL FOOTBALL LEAGE (NFL), KENDRICK LAMAR, JAY-Z, DR. DRE, ICE CUBE, ESTATE OF EAZY E "ERIC WRIGHT" (Former HIV/AIDS patient), SUPER BOWL HALFTIME SHOW, BAD BUNNY,

     Defendants.

Case No. 1:26-cv-00005-DCN

**MEMORANDUM DECISION AND ORDER**

**MEMORANDUM DECISION AND ORDER - 1**

# I. INTRODUCTION

The Plaintiffs in this case are actually all one man the Court will refer to as Satish. Before the Court is Satish's Complaint (Dkt. 2), Application for Leave to Proceed in Forma Pauperis (Dkt. 1), and Notice of Interlocutory Appeal (Dkt. 4).

Under 28 U.S.C. § 1915, the Court must review Satish's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Satish's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, Satish's Application for Leave to Proceed in Forma Pauperis is DENIED as MOOT. Satish's Complaint is DISMISSED without leave to amend. Satish's Notice of Interlocutory Appeal is ineffective as no judgment has been entered in this case prior to the notice being filed; the Court will not address this notice further.

# II. BACKGROUND

Satish is a musician and a serial litigant who has filed frivolous complaints for over a decade across the entire Unites States. *See, e.g., Emrit v. Cheap-O-Air*, 2013 WL 12113179 (D. Md. Apr. 1, 2013), *aff'd,* 533 F. App'x 347 (4th Cir. 2013*); Emrit v. Marion Cnty. Hous. Auth. (MCHA)*, 2017 WL 743882 (D. Or. Feb. 23, 2017); *Emrit v. Sec'y of State, Rhode Island*, 2017 WL 3209232 (D.R.I. Feb. 27, 2017); *Emrit v. Progressive Ins. Co.*, 2024 WL 436385 (N.D. Fla. Jan. 11, 2024), *report and recommendation adopted*,

2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, 2024 WL 3664060 (11th Cir. Mar. 4, 2024).[1]

This case follows the trend of Satish's other cases as the Complaint is difficult, if at all possible, to understand. In his Complaint, Satish says that Snoop Dogg is ruining America, claims to have forced the Washington Commanders to change their name, and ponders whether "God the Father" can "accomplish backwards time travel through closed time like curves involving exotic matter and faster than light travel." Dkt. 2, at 2, 3, 11.

### III. LEGAL STANDARD

### A. Application to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

---

[1] This is but a handful of the hundreds of cases and appeals Satish has filed over the years in various states. Additional cases are cited later in this decision.

### B.  Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A.  Application to Proceed In Forma Pauperis

The Court has examined Satish's application to proceed in forma pauperis and finds it does not establish his indigence. Satish lists his monthly income as $1,036.00, and his monthly expenses as $790.00. Dkt. 1, at 2, 5. Moreover, $100 of Satish's monthly expenses are spent on recreation, entertainment, newspapers, magazines, etc. *Id.* at 4. In short, Satish has approximately $346 in discretionary income each month. Thus, the Court determines Satish is not indigent and cannot proceed without pre-payment of the filing fee. However, as explained below, Satish's Complaint is DISMISSED, so the Application to Proceed In Forma Pauperis is DENIED as MOOT and no filing fee will be required.

### B. Sufficiency of Complaint

At face value, Satish's complaint cannot survive an initial analysis under the first two prongs of 28 U.S.C. § 1915(e)(2): (1) the complaint is frivolous or malicious; (2) the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii). Specifically addressing the first prong, Satish's complaint is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (noting a complaint is frivolous if its factual allegations are "clearly baseless," "fantastic," or "delusional"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) (noting that a plaintiff "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false").

Beyond the senseless claims presented in the Complaint, Satish seems to be a serial litigant, who has filed the exact same Complaint with this Court as he has recently done in the district courts of Hawaii and Washington. *See SATISH DAT BEAST v. SNOOP DOGGY DOGG*, No. 26-00006 HG-WRP, 2026 WL 564602 (D. Haw. Feb. 11, 2026) (citation modified); *see also Emrit v. Dogg*, No. 2:26-CV-00007-MKD, 2026 WL 67186 (E.D.

MEMORANDUM DECISION AND ORDER - 5

Wash. Jan. 8, 2026). The Court agrees with the opinions of those courts which reached the same conclusion: Satish's Complaint is frivolous, and it is absolutely clear that no amendment will cure the defects so the Complaint should be DISMISSED without leave to amend.

## V. CONCLUSION

Satish's application to proceed in forma pauperis does not establish his indigency; even so, the application is moot because the Complaint is DISMISSED without leave to amend. Satish's Complaint is incurably insufficient, and this case must be closed.

## VI. ORDER

1.     Satish's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

2.     After an initial review of the Complaint, the Court will not allow Satish to proceed with his claims against Defendants. Satish's Complaint is DISMISSED without leave to amend.

3.     The case is CLOSED.

DATED: March 24, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6